# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHARLES G. HASKINS, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIDWEST AIR TRAFFIC CONTROL SERVICE, INC., et al.,<br><br>Defendants. | Lead Case No. 12-cv-04584<br><br>Consolidated with Case Nos. 12-cv-04598, 04600, 4601, 4602, 4603, 4604, 4605, 4606, 4607, 4608, 4609, 4610, 4611, 4612, 4614, 4616, 4617, 4618, 4620, 4622, 4623, 4625, 4626, 4627, 4629, 4630, and 14-cv-2727<br><br>Opinion pertaining to 14-cv-02727<br><br>Judge Manish S. Shah |

## MEMORANDUM OPINION AND ORDER

On May 17, 2010, a plane crashed in Afghanistan, killing twenty-six passengers and two pilots. The twenty-eight resulting suits, in which plaintiffs assert negligence and strict liability claims against defendants Midwest Air Traffic Control Service, Inc. and Honeywell International Inc., have been consolidated before me. Defendants move to dismiss one of those suits—the one based on the death of passenger Wayne Stancil—on the basis that it was filed after the relevant statute of limitations had expired. For the reasons discussed below, that motion is denied.

I.   **Legal Standards**

Defendants' motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. I therefore construe the complaint in the light most favorable to plaintiff, accept as true all well-pleaded facts, and draw reasonable inferences in plaintiff's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Defendants' motion is based on a statute of limitations. "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

II.  **Facts**

This is a wrongful-death action, brought on behalf of Meghan Stancil, the daughter of decedent Wayne Stancil. [77] ¶ 7.[1] Wayne Stancil was killed in a plane crash on May 17, 2010. [77] ¶ 4. His daughter is mentally disabled and mentally incompetent, and has been since on or before June 3, 2008. [77] ¶ 6. As a result, she is unable to handle her own affairs. [77] ¶ 7. She has had an appointed guardian since June 3, 2008. [77] ¶ 7; [96] at 10. This action was filed on March 19, 2014. [84] ¶ 1; [96] at 1.

---

[1] As conceded, plaintiff is not bringing a claim under the Illinois Survival Act, 735 ILL. COMP. STAT. § 5/13-209(a)(1). [96] at 13.

### III. Analysis

#### A. The Applicable Statute of Limitations and Tolling Doctrines

The Illinois statute of limitations and tolling doctrines apply. *Hollander v. Brown*, 457 F.3d 688, 692, 694 (7th Cir. 2006) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), *Guaranty Trust v. York*, 326 U.S. 99 (1945), and *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751–53 (1980)). Federal courts apply the relevant Illinois law as it has been interpreted—or as they think it would be interpreted—by the Illinois Supreme Court. *James Michael Leasing Co. LLC v. Paccar, Inc.*, – F.3d –, 2014 U.S. App. LEXIS 22410, *13 (7th Cir. Nov. 26, 2014).

The Illinois Wrongful Death Act has a two-year statute of limitations. 740 ILL. COMP. STAT. § 180/2(c). Plaintiff's suit was filed nearly four years after the plane crash. I must first consider when the statute of limitations began to run. If the statute began to run more than two years before this suit was filed, I must consider whether the statute should be tolled.

#### B. The Illinois Discovery Rule

Illinois courts employ a "discovery rule," which determines when a statute of limitations begins to run. The discovery rule "postpone[s] the start of the period of limitations until the injured party knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused." *Khan v. Deutsche Bank AG*, 365 Ill. Dec. 517, 525–26 (2012).

##### 1. Application to Wrongful-death Actions

The Illinois Appellate Court has applied the discovery rule to several wrongful-death actions, and the Illinois Supreme Court, while not deciding the

issue, appeared to approve of those decisions. *Wyness v. Armstrong World Indus.*, 131 Ill.2d 403, 413–14 (1989) ("Although never addressed by this court, and indeed not now before us, the delay of the running of the limitation period accepted by the appellate court in some districts assures that a wrongful death action may be filed after death when plaintiffs finally know or reasonably should know of the wrongfully caused injury which led to death. Many wrongful death cases have emphasized this 'discovery' time.") (citing *Arndt v. Resurrection Hosp.*, 163 Ill.App.3d 209, 213 (1st Dist. 1987); *Coleman v. Hinsdale Emergency Med. Corp.*, 108 Ill.App.3d 525, 529–31 (2d Dist. 1982); *Fure v. Sherman Hosp.*, 64 Ill.App.3d 259, 272 (2d Dist. 1978); *Praznik v. Sport Aero, Inc.*, 42 Ill.App.3d 330, 337 (1st Dist. 1976)); *see also Young v. McKiegue*, 303 Ill.App.3d 380, 388 (1st Dist. 1999).

### 2. Application Where Injuries are Caused by Sudden and Traumatic Events

Defendants argue that the discovery rule is inapplicable when an injury is caused by a "sudden, traumatic event." [85] at 6–7; [99] at 7–8 (citing *Hollander*, 457 F.3d at 692; *Black v. Key Safety Sys., Inc.*, 2009 U.S. Dist. LEXIS 84974 (N.D. Ill. 2009)). In cases of sudden and traumatic events, application of the discovery rule will often result in the limitations period starting on the day of the event. But that is merely the outcome under a typical application of the discovery rule—it does not mean that the discovery rule does not apply, nor is it necessarily the outcome under all fact scenarios.

The "sudden, traumatic event" line of cases is exemplified by *Golla v. Gen. Motors Corp.*, 167 Ill.2d 353 (1995). That case concerned a plaintiff who was hurt in

4

a car crash, and knew immediately that she was hurt, but did not know until later that the crash caused her to develop a painful condition known (at the time) as reflex sympathetic dystrophy. The court considered the following question: "when an accident occurs which causes the plaintiff to suffer an immediate physical injury (*e.g.*, chest contusion) and later more serious injuries appear (*e.g.*, reflex sympathetic dystrophy) which arose from the same accident, when does the plaintiff's cause of action 'accrue' for statute of limitations purposes?" *Id.* at 359. The court stated that "where the plaintiff's injury is caused by a 'sudden traumatic event,' . . . the cause of action accrues, and the statute of limitation begins to run, *on the date the injury occurs.*" *Id.* at 362 (emphasis added). Later cases, with similar facts, have repeated that language, including the two cases cited by defendants.

But the *Golla* court also stated that "an action for injuries arising from a sudden traumatic event accrues *when the plaintiff first knew of his right to sue.*" *Id.* at 370–71 (emphasis added). And in stressing that it was not announcing a harsh rule, the court said that *"[o]nce a plaintiff has notice* of a physical injury arising from a sudden, traumatic event, she, like other tort claimants, must determine whether or not to file suit. She has two years to consult with the legal and medical community about her claim and resulting damages." *Id.* at 371 (emphasis added). The fact that the court said that the statute begins to run on the date of the injury, but later said that it begins to run when the plaintiff first has notice of the injury, is a reminder that all of the court's statements must be understood in the context of the case: the case did not involve a plaintiff who, despite the sudden and traumatic

5

event, was not immediately aware of her right to sue. Indeed, in the same paragraph as the statement that the cause of action accrues on the date of the injury, the court stated its rationale: "the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Id.* at 363. That rationale is, at least potentially, inapplicable in cases of severe mental disabilities.

The *Golla* court repeatedly stressed that the plaintiff was aware, at the time of her accident, that she was wrongfully injured. *See* 167 Ill.2d at 363, 364, 365, 367, 368, 371. Accordingly, *Golla* is a routine application of the discovery rule, rather than an announcement of a separate rule that, in all cases, causes of action arising out of "sudden, traumatic events" accrue immediately upon the event's occurrence, no matter the extent of the plaintiff's knowledge. Defendants cite no case that applied such a strict rule, and such a strict rule would not serve the purpose of the discovery rule, which the *Golla* court recognized as "alleviat[ing] the harsh consequences that would flow from literal application of the limitations period" and "eliminat[ing] the unfairness that would result to a plaintiff whose right to bring an action for an injury is cut off before she is aware of the existence of such action." *Id.* at 360–61, 363.[2]

---

[2] Several Illinois cases weigh the potential unfairness to the plaintiff against the potential prejudice to the defendant in having to defend against a stale suit. Defendants have not argued the existence of any prejudice in this case. It is unlikely that such an argument would be persuasive, given the consolidation of the Stancil suit with twenty-seven other suits, timely filed, concerning the same plane crash.

6

Though a sudden, traumatic event might put most plaintiffs on immediate notice, nothing in *Golla*, or any case cited by defendants, or any other case that I am aware of, says that where an injury is suddenly and traumatically caused, the discovery rule can never save an otherwise untimely complaint. Indeed, in *Praznik*, the Illinois court applied the discovery rule to a case involving a plane crash. 42 Ill.App.3d at 337. Defendants explain why the discovery rule saved the complaint in *Praznik* (because the crash was not discovered for two years), but the pertinent point is that the discovery rule can apply in cases of sudden, traumatic events.

### 3. Application in Cases of Mental Disability

Would Illinois apply the discovery rule to save an otherwise untimely complaint, where the plaintiff's mental disability prevents her from timely filing suit? Defendants argue that "Plaintiff's assertion that the mentally disabled cannot 'discover' when an injury occurred effectively eliminates the need for any statutory tolling provisions for the legally disabled." [99] at 8. Defendants imply that such a state of affairs is undesirable, and while that policy argument is not without merit, defendants cite no Illinois case applying that policy to reject an application of the discovery rule.[3] Under Illinois law, what a plaintiff should reasonably have known

---

[3] The Seventh Circuit alluded to a similar concern in *Crawford v. United States*, 796 F.2d 924 (7th Cir. 1986), but expressly declined to decide whether mental incapacity tolled the relevant statute of limitations. *Id.* at 927. The concern is tempered by the availability of statutes of repose, which are unaffected by the discovery rule. *Evanston Ins. Co. v. Riseborough*, 378 Ill. Dec. 778, 784 (2014). Statutes of repose impose a cap on the applicability of the discovery rule, extinguishing the possibility of liability after a definite period of time. *See Cunningham v. Huffman*, 154 Ill.2d 398 (1993) (citing *Mega v. Holy Cross Hosp.*, 111 Ill.2d 416 (1986)). The Illinois legislature has enacted various statutes of repose. For example, medical malpractice actions must be brought within four years of the alleged wrongful conduct. 735 ILL. COMP. STAT. § 5/13-212(a). There is no Illinois statute of repose for wrongful-death claims.

is analyzed from the perspective of the particular plaintiff. *Fure*, 64 Ill.App.3d at 271 ("[W]e must be practical in considering the widow's situation and what is 'reasonable diligence' for a recently bereaved widow with four minor children, and this is not a very high standard of diligence so far as gathering material with which to prosecute a lawsuit is concerned.").[4]

If Meghan Stancil was incapable of discovering her cause of action, barring her suit on timeliness grounds would not serve the purpose of the discovery rule as announced in *Golla*. 167 Ill.2d 360–61, 363. Moreover, applying various doctrines, Illinois courts have excused mentally disabled plaintiffs from strict filing deadlines.[5]

---

[4] The federal discovery rule is less generous to plaintiffs than the Illinois rule. Under the Illinois rule, the start of the limitations period is postponed until the injured party knows or reasonably should know of the injury and its wrongfulness. *Khan*, 365 Ill. Dec. at 525–26. Under the federal rule, the period starts when the plaintiff knows or reasonably should know of the injury, even if he does not recognize the wrongfulness. *See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995). In *Estate of Henderson v. Meritage Mortg. Corp.*, 293 F.Supp.2d 830, 835 (N.D. Ill. 2003), the court applied the federal discovery rule and found that a mentally disabled plaintiff could not discover her injuries at the time they occurred, but that the claim accrued when it passed to her estate. As the *Henderson* court noted, the Seventh Circuit has twice confronted the issue (again, in the context of the federal discovery rule), but has declined to decide it. *Id.* at 834 (discussing *Crawford*, 796 F.2d at 927 and *Barnhart v. United States*, 884 F.2d 295, 299 (7th Cir. 1989)). If the federal discovery rule can delay the accrual of a claim based on a plaintiff's mental disability, then it is likely that the Illinois rule would also apply under similar circumstances.

[5] *See, e.g.*, *Girman v. County of Cook*, 103 Ill.App.3d 897, 898 (1st Dist. 1981) ("[S]tatutes of limitations are generally tolled during a plaintiff's infancy, mental incompetency, or imprisonment."); *Haas v. Westlake Cmty. Hosp.*, 82 Ill.App.3d 347, 349 (1st Dist. 1980) (rejecting laches defense where plaintiff is insane or mentally ill); *In re Estate of Goldberg*, 288 Ill.App. 203, 212–13 (2d Dist. 1937) ("An insane person cannot be held accountable for any apparent negligence of laches or delay in seeking redress, through the courts or otherwise, for any wrong that may have been done her in respect to her property, and she is not affected by the statute of limitations, which but for her insanity would bar her rights."); *Van Buskirk v. Van Buskirk*, 148 Ill. 9, 26 (1893) (same); *Dodge v. Cole*, 97 Ill. 338, 349–50 (1881) (same).

Accordingly, I find that Illinois courts would apply the discovery rule in cases of mental disability.

Whether the discovery rule saves an otherwise untimely complaint where, as here, a mentally disabled plaintiff had an appointed guardian since before the injury occurred is a separate question. The Seventh Circuit has suggested that the federal discovery rule might not apply in such situations. *Barnhart*, 884 F.2d at 297 ("[W]here a plaintiff has an appointed guardian. . ., the plaintiff's incapacity would not appear to be similarly critical."); *Crawford*, 796 F.2d at 927 ("[T]he statute would not be tolled if Crawford had had a guardian or conservator."). But Illinois law controls, and Illinois cases suggest the opposite. *Mazikoske v. Firestone Tire & Rubber Co.*, 149 Ill.App.3d 166, 177–78 (3d Dist. 1986) (rejecting the argument that the plaintiff's disability was cured when a guardian was appointed); *Van Buskirk*, 148 Ill. at 26 (holding that the plaintiff's rights could not be prejudiced by the fact that his "next friend" did not timely bring suit after plaintiff was declared a lunatic). Defendants did not raise this argument; therefore, I do not reach it at this time.

Defendants may re-raise the issue of the statute of limitations after some factual development. *Clark v. Children's Mem. Hosp.*, 353 Ill. Dec. 254, 279 (2011) ("The time at which a party has or should have the requisite knowledge under the discovery rule to maintain a cause of action is ordinarily a question of fact.").

### 4. Adequacy of Pleadings

Defendants argue that "Plaintiff's Amended Complaint includes no allegations that the decedent's death, or the manner in which it occurred, was not

9

immediately known." [99] at 8. But plaintiff alleged that Meghan Stancil was and is mentally disabled and incompetent, and unable to handle her affairs. [77] ¶¶ 6–7. Plaintiff also asserted that Meghan's mental condition prevented her from discovering the injury. [96] at 12–13. These allegations should be construed liberally at this stage of the case. And in any event, plaintiff was not required to plead around defendants' affirmative defense. *See Clark v. City of Braidwood*, 318 F.3d 764, 767–68 (7th Cir. 2003) ("The City contends that the discovery rule does not save Clark's suit because his 'complaint is wanting for any reasonable inference triggering the application of the discovery rule or otherwise resulting in a tolling of the limitations period.' But again, a plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint."). At this stage, I accept plaintiff's allegations as true, and under that version of the facts, the complaint is timely.

### C. Application of Tolling Principles

Because the discovery rule saves plaintiff's complaint, at least at this stage, I do not now decide whether any tolling doctrine applies to extend the filing deadline. Because this issue may arise later, some comments on the arguments made to date are appropriate.

The Wrongful Death Act explicitly provides for tolling, where the plaintiff is under the age of 18 when her cause of action accrues, but it does not provide for tolling where the plaintiff is mentally disabled. 740 ILL. COMP. STAT. § 180/2. The Illinois legislature has enacted a separate tolling statute. 735 ILL. COMP. STAT. § 5/13-211. But its text suggests that it applies only to actions brought under

§§ 5/13-201 through 5/13-210—a range that does not include the Wrongful Death Act. Plaintiff cites Illinois common-law cases that tolled statutes of limitation under certain circumstances, including the mental disability of the plaintiff. Defendants argue that the Wrongful Death Act is a purely statutory cause of action (meaning the cause of action was not recognized at common law), and thus under *Demchuk v. Duplanich*, 92 Ill.2d 1 (1982), common-law tolling principles do not apply. After *Demchuk*, the Illinois Supreme Court specifically rejected the notion that statutes of limitation are conditions precedent to filing suit in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill.2d 325, 338–340 (2002). The *Belleville* court specifically cited *Demchuk* and also a case under the Wrongful Death Act (*Pasquale v. Speed Prods. Eng'g*, 166 Ill.2d 337, 366–67 (1995)) as applying that incorrect rule. *Belleville*, 199 Ill.2d at 338. *Belleville* made clear that under Illinois law, statutes of limitation are conditions precedent to filing suit only in matters of administrative review. *Id.* at 338–40. Common-law tolling may apply to claims under the Wrongful Death Act, but I need not decide that issue to resolve the pending motion.[6]

---

[6] *Forthenberry v. Franciscan Sisters Health Care Corp.*, 156 Ill.App.3d 634, 637 (4th Dist. 1987); *Williams v. Manchester*, 228 Ill.2d 404, 419 (2008); and *Rodgers v. Consol. R.R. Corp.*, 136 Ill.App.3d 191, 196 (4th Dist. 1985), cited by defendants, concern how strictly courts will interpret the elements of a wrongful-death action and who the proper beneficiaries are. They do not interpret tolling principles and they do not apply here. In any event, because I conclude that the statute of limitations issue survives the pleading stage, whether and how common-law tolling doctrines apply to strictly interpreted claims like wrongful death are questions for another day.

11

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss [84] is denied.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 12/10/14

12